UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROL O'NEAL, as Personal Representative of the Estate of Lanny O'Neal, Deceased, | ) ) ) ) | CIV. 11-4182-KES |
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT V |
| vs. | ) ) | |
| REMINGTON ARMS COMPANY, LLC, SPORTING GOODS PROPERTIES, INC., and E.I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Defendants, Remington Arms Company, LLC, Sporting Goods Properties, Inc. (SGPI), and E.I. du Pont de Nemours (DuPont), move to dismiss Count V of plaintiff's complaint, which alleges an independent cause of action for spoliation of evidence. Defendants argue that a stand-alone tort for spoliation of evidence is not a cognizable claim, and thus, plaintiff has failed to state a claim upon which relief can be granted. Docket 14 at 1. Carol O'Neal, as Personal Representative of the Estate of Lanny O'Neal, Deceased, plaintiff, opposes the motion. Docket 21 at 2. For the following reasons, defendants' motion to dismiss Count V is granted.

**BACKGROUND**

This litigation stems from Lanny O'Neal's accidental death, allegedly caused by a bullet that was fired from a Remington Model 700, a bolt action rifle that Remington designed, manufactured, sold, and distributed. Docket 1 ¶ 13. O'Neal alleges in her complaint that defendants are liable based on claims of strict liability, negligent design and manufacture, negligent failure to warn, strict liability failure to warn, and spoliation of evidence. Docket 1.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to review only the pleadings to determine whether the plaintiff has stated a claim upon which relief can be granted. The facts alleged in the complaint must be considered true, and all inferences must be viewed in favor of the nonmoving party. *Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.,* 293 F.3d 456, 465 (8th Cir. 2002)). The Supreme Court has recently emphasized that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678 (citations omitted). Further, the Supreme Court stated that "only a complaint that states a plausible claim for relief

survives a motion to dismiss." *Id.* at 679. "The plausibility standard . . . asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 678.

To meet the *Iqbal* standard, a plaintiff must allege a claim that is facially plausible, not merely plausible. 556 U.S. at 663. "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the conduct misalleged.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (citing *Iqbal,* 556 U.S. at 678)). Nonetheless, the "fundamental tenet of Rule 12(b)(6) practice" that "inferences are to be drawn in favor of the non-moving party" has not changed. *Id.* at 595 (citations omitted).

## DISCUSSION

O'Neal alleges that Remington destroyed documentary and physical evidence relating to the Model 700 rifle to "avoid liability" in this case and future litigation and pleads an independent cause of action for spoliation of evidence. Docket 1 ¶ 53. Remington argues that the complaint must be dismissed because there is not an independent cause of action for spoliation of evidence in South Dakota. O'Neal responds that although South Dakota courts have not addressed this precise issue, the cause of action is plausible and well-pleaded, and many other jurisdictions have accepted spoliation of evidence as a cause of action. Docket 21 at 2.

The question of spoliation here is limited to "first party" spoliation, which is spoliation of evidence by a party to the principal litigation, as opposed to "third party spoliation," which refers to spoliation by a non-party. *Gribben v. Wal-Mart Stores, Inc.,* 824 N.E.2d 349, 350 (Ind. 2005). Further, the spoliation at issue here is alleged to be intentional, not negligent. Docket 1 ¶ 53.

The South Dakota Supreme Court has not addressed whether it would recognize a cause of action for either intentional or negligent spoliation of evidence. "When a state's highest court has not addressed the precise question of state law that is at issue, a federal court must decide what the highest state court would probably hold were it called upon to decide the issue." *Lenhardt v. Basic Inst. of Tech., Inc.,* 55 F.3d 377, 379 (8th Cir. 1995) (quotations omitted).

In South Dakota, proof of spoliation, or intentional destruction of evidence, gives rise to a spoliation inference. *Thyen v. Hubbard Feeds, Inc.,* 804 N.W.2d 435, 439 (S.D. 2011). This inference creates the presumption that the destroyed evidence would have been unfavorable to the party who destroyed the evidence. *Id.* "Spoliation is established along with an unfavorable inference against the spoliator 'when substantial evidence exists to support a conclusion that the evidence was in existence, that it was in the possession or under the control of the party against whom the inference may be drawn, that the evidence would have been admissible at trial, and that the party responsible for destroying the evidence did so intentionally and in bad faith.' "

*Id.* (quoting *State v. Engesser,* 661 N.W.2d 739, 755 (S.D. 2003)). While spoliation has been recognized in South Dakota as creating an evidentiary inference, the South Dakota Supreme Court has not addressed whether intentional spoliation is a separate and independent tort.

The tort of intentional spoliation was first recognized in *Smith v. Superior Court*, 198 Cal. Rpt. 829 (1984).[1] A California appellate court declared that "the primary function of the tort of intentional spoliation is to compensate for the destruction of evidence even though the probative value of the evidence is not known, because the accuracy of the facts related to the evidence will never be restored." *Smith,* 198 Cal. Rpt. at 832. The *Smith* court analogized that spoliation of evidence was like the tort of interference with prospective business advantage. "[A] prospective civil action in a product liability case is a valuable 'probable expectancy' that the court must protect from the kind of interference alleged herein." *Id.* at 837. Later, courts agreed that the underlying premise for recognizing intentional spoliation is that "a victim of

---

[1] Later, the Supreme Court of California limited the scope of *Smith*'s holding to rule that there is no tort remedy for intentional spoliation of evidence by a party if "spoliation is or reasonably should have been discovered before the trial or other decision on the merits of the underlying cause of action." *Cedars-Sinai Med. Ctr. v. Superior Court,* 74 Cal. Rptr. 2d 248, 250 (1998). Then, California extended the *Cedars-Sinai* holding to third-party claims for spoliation. *See Temple Cmty. Hosp. v. Superior Court,* 976 P.2d 223 (Cal. 1999) (emphasizing the need for "finality of adjudication," for the spoliation tort would "require retrial of the first case in order to permit the plaintiff to demonstrate in what respect the alleged spoliation altered the outcome of the first trial").

5

spoliation may recover compensatory and even punitive damages for the loss of a prospective lawsuit." *Hirsch v. Gen. Motors Corp.,* 628 A.2d 1108, 1126 (N.J. 1993). Although the amount of damages is speculative, the " 'tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty.' " *Smith*, 198 Cal. Rpt. at 835 (citation omitted).[2] The resolution of the underlying claim, therefore, need not be determined before recognizing spoliation. A separate cause of action for spoliation would avoid "needless duplication of effort, two trials involving the same evidence, [and] time and expense imposed on litigants and the judicial system." *Id.* at 837. Additionally, the jury would be uniquely equipped to determine how the plaintiff was harmed. *Id.*

Most jurisdictions have not been persuaded by the *Smith* rationale and do not recognize intentional spoliation as a tort. There are numerous reasons that courts refuse do so. Primarily, "[s]peculation is a prime concern in the context of a spoliation claim because . . . it is impossible to know what the destroyed evidence would have shown." *Federated Mut. Ins. Co. v. Litchfield Precision Components, Inc.,* 456 N.W.2d 434, 438 (Minn. 1990). The most

---

[2] Courts in favor of recognizing spoliation of evidence also have deemed non-tort remedies, including discovery sanctions and the plaintiff's ability to request default judgment, "insufficient to compensate victims of spoliation and to deter future spoliation when a first party defendant destroys evidence intentionally with the purpose and effect of precluding a plaintiff from fulfilling his burden of production in a pending or impending case." *Rizzuto v. Davidson Ladders, Inc.,* 905 A.2d 1165, 1178 (Conn. 2006).

difficult aspect of a spoliation claim is calculation of damages, for the tort "does not allow for standard calculations of damages to the proper degree of certainty." *Holmes v. Amerex Rent-A-Car,* 710 A.2d 846, 852 (D.C. 1998). Courts also have found that existing remedies can address adequately the spoliation problem. *Martino v. Wal-Mart Stores, Inc.,* 908 So. 2d 342 (Fla. 2005) (employing sanctions during pending litigation to deter spoliation); *Meyn v. State,* 594 N.W.2d 31, 34 (Iowa 1999) (declining to recognize negligent spoliation as a tort cause of action because discovery sanctions for spoliation already exist); *Sharpnack v. Hoffinger Indus., Inc.,* 499 S.E.2d 363 (Ga. Ct. App. 1998) (recognizing spoliation as a "serious discovery abuse").

For public policy reasons, courts have noted that recognizing intentional spoliation of evidence might create undue burdens on litigants and flood the courts with relitigation of issues. *Meyn,* 594 N.W.2d at 34 (holding that recognizing spoliation of evidence is "inconsistent with the policy favoring final judgment"); *Koplin v. Rosel Well Perforators, Inc.,* 734 P.2d 1177, 1183 (Kan. 1987) (ruling that recognizing spoliation of evidence creates a "generation of endless litigation" that is at odds with policy favoring final judgment). In particular, the "incremental additional benefits a tort remedy might create" are outweighed by "the indirect costs by causing persons or entities to take extraordinary measures to preserve for an indefinite period documents and things of no apparent value solely to avoid the possibility of spoliation liability

7

if years later those items turn out to have some potential relevance to future litigation." *Cedars-Sinai,* 74 Cal. Rptr. 2d at 248. Creating this entirely new tort would "only lead to duplicative litigation, encouraging inefficient relitigation of issues better handled within the context of the core cause of action." *Trevino v. Ortega,* 969 S.W.2d 950, 951-52 (Tex. 1998). The majority of jurisdictions[3] who

---

[3] *Christian v. Kenneth Chandler Constr. Co.,* 658 So. 2d 408, 413 (Ala. 1995) (declining to recognize intentional spoliation of evidence as a new cause of action); *Lips v. Scottsdale Healthcare Corp.,* 229 P.3d 1008, 1009 (Ariz. 2010) (citing other courts' refusal to create a distinct cause of action for first-party, intentional spoliation as a reason to forgo recognizing spoliation); *Goff v. Harold Ives Trucking Co.,* 27 S.W.3d 387, 391 (Ark. 2000) (ruling that "the plaintiff can ask for discovery sanctions" instead of creating a "new tort out of whole cloth to provide a party with a remedy"*); Cedars-Sinai,* 74 Cal. Rpt. 2d at 250 (citing that the costs of developing or reconstructing destroyed evidence "is not enough to justify creating tort liability for such conduct"); *Lucas v. Christiana Skating Ctr., Ltd.,* 722 A.2d 1247, 1249 (Del. 1998) (emphasizing Delaware's anti-tampering statute and concluding that "it would be repetitive for the Court to recognize new tort-based causes of action" for intentional spoliation); *Martino*, 908 So. 2d at 347 (Fla. 205) (declining to recognize a cause of action for first-party spoliation of evidence); *Butler v. Turner,* 555 S.E.2d 427, 432 (Ga. 2001) (noting that Georgia does not recognize any independent causes of action caused by spoliation of evidence); *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995) (rejecting tort status for intentional spoliation of evidence as a new tort); *Gribben,* 824 N.E.2d at 355 ("Indiana does not recognize a claim for first-party negligent or intentional spoliation of evidence.") (quotations omitted); *Meyn*, 594 N.W.2d at 34 (Iowa 1999); *Superior Boiler Works, Inc. v. Kimball,* 259 P.3d 676, 690 (Kan. 2011) (listing several policy concerns, including "endless litigation," for refusing to recognize intentional spoliation of evidence); *Monsanto v. Reed,* 950 S.W.2d 811, 815 (Ky. 1997) (declining to create a new tort for spoliation because "remedy for the problem before [the court] is well within the realm of existing tort law"); *Miller v. Montgomery Cnty.,* 494 A.2d 761, 767-68 (Md. 1985) (ruling that there is no separate cause of action for spoliation); *Fletcher v. Dorchester Mut. Ins. Co.,* 773 N.E.2d 420, 424 (Mass. 2002) ("To date, we have not recognized a cause of action for spoliation of evidence"); *Teel v. Meredith,* 774 N.W.2d 527, 532 (Mich. 2009) (declining to announce spoliation, "an as-yet unrecognized cause of action," as a remedy);

*Federated Mut. Ins. Co.,* 456 N.W.2d at 437 (Minn. 1990) (noting that "[s]peculation is a prime concern in the context of a spoliation claim because it is impossible to know what the destroyed evidence would have shown."); *Richardson v. Sara Lee Corp.,* 847 So. 2d 821, 823 (Miss. 2003) (listing "infringement on the rights of property owners, endless litigation, and uncertainty of the fact of harm" as reasons for refusing to recognize spoliation of evidence); *Fisher v. Bauer Corp.,* 239 S.W.3d 693, 704 (Mo. App. E.D. 2007) ("No Missouri court has recognized intentional or negligent spoliation as a tort."); *Timber Tech. v. The Home Ins. Co.,* 55 P.3d 952 (Nev. 2002) (finding that "potentially endless litigation over a speculative loss, and . . . the cost to society of promoting onerous record and evidence retention policies" outweigh the usefulness of recognizing spoliation); *Rosenbilt v. Zimmerman,* 766 A.2d 749, 757 (N.J. 2001) (noting that spoliation can be addressed under the tort of fraudulent concealment); *Mohammed v. Delta Airlines, Inc.,* Civ. No. 08-1405, 2011 WL 5554269, at *2 (E.D.N.Y. Nov. 15, 2011) (holding that while New York state law recognizes that fraudulent misrepresentation and concealment may be based on intentional spoliation of evidence, New York does not recognize intentional or negligent spoliation of evidence); *Grant v. High Point Reg'l Health Sys.,* 645 S.E.2d 851, 856-57 (N.C. Ct. App. 2007) (declining to extend a case regarding spoliation of will to tort claims of spoliation because the plaintiff already has a "cause of action for common law obstruction of justice"); *Patel v. OMH Med. Ctr., Inc.,* 987 P.2d 1185, 1202 (Okla. 1999) ("Neither spoliation of evidence nor prima facie tort (for acts constituting spoliation of evidence) has ever been recognized by this court as actionable."); *Elias v. Lancaster General Hosp.,* 710 A.2d 65, 68 (Pa. Super. Ct. 1998) (holding Pennsylvania does not recognize a separate tort action for spoliation of evidence); *Malinou v. Miriam Hosp.,* 24 A.3d 497, 511 (R.I. 2011) (recognizing spoliation as an evidentiary matter that may warrant a jury instruction, "but not as giving rise to an independent cause of action"); *Cole Vision Corp. v. Hobbs,* 714 S.E.2d 537, 541 (S.C. 2011) ("South Carolina does not recognize an independent tort for the negligent spoliation of evidence, third-party or otherwise."); *Trevino,* 969 S.W.2d at 951 ("Because we determine that spoliation does not give rise to independent damages, and because it is better remedied within the lawsuit affected by spoliation, we decline to recognize spoliation as a tort cause of action."); *Hills v. United Parcel Serv., Inc.,* 232 P.3d 1049, 1058 (Utah 2010) (refusing to adopt an independent tort of spoliation of evidence, but declining to rule on whether intentional third-party spoliation as an independent cause of action should be adopted); *Austin v. Consolidation Coal Co.,* 501 S.E.2d 161, 163 (Va. 1998) (holding that in a case of first impression there is no cause of action for "any so-called tort of intentional or negligent spoliation of evidence"); and *Estate of*

have discussed the issue of intentional spoliation of evidence refused to recognize it as a cause of action. Only seven state high courts have recognized intentional spoliation of evidence as an independent, cognizable tort claim.[4]

After considering the case law on both sides of the issue, this court predicts that the South Dakota Supreme Court would adopt the reasoning of the majority of courts and would decline to recognize an independent tort for

---

*Neumann ex rel. Rodli v. Neumann,* 626 N.W.2d 821, 841 (Wis. Ct. App. 2001) (noting that no Wisconsin court has recognized an independent tort for spoliation of evidence, but courts have used other sanctions to address intentional and negligent spoliation of evidence).

[4] These seven jurisdictions include: Alaska, *Nichols v. State Farm Fire & Cas. Co.,* 6 P.3d 300, 304 (Alaska 2000) (acknowledging that while first-party and third-party intentional spoliation are tort claims, negligent spoliations are not); Connecticut, *Rizzuto,* 905 A.2d at 1178 ("[R]ecognition of an independent cause of action for intentional spoliation of evidence is necessary to fulfill public policy goals of the tort compensation system."); Idaho, *Yoakum v. Hartford Fire Ins. Co.,* 923 P.2d 416, 422 (Idaho 1996) (noting that spoliation is an intentional tort and may by alternatively identified as " 'the intentional interference with prospective civil action by spoliation of evidence' " (citation omitted)); Louisiana, *Desselle v. Jefferson Parish Hosp. Dist. No. 2 d/b/a East Jefferson Gen. Hosp.,* 887 So. 2d 524, 534 (La. Ct. App. 2004) (recognizing a state law tort claim for intentional spoliation of evidence, which refers to "an intentional destruction of evidence for purpose of depriving opposing parties of its use); New Mexico, *Coleman v. Eddy Potash, Inc.,* 905 P.2d 185, 189 (N.M. 1995) ("[W]e will recognize intentional spoliation of evidence as a distinct category of tort liability."); Ohio, *Davis v. Wal-Mart Stores, Inc.,* 756 N.E.2d 657, 660 (Ohio 2001) ("[S]poliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action."); West Virginia, *Hannah v. Heeter,* 584 S.E.2d 560 (W. Va. 2003) (granting stand-alone tort status for intentional spoliation and third-party negligent spoliation, but requiring that the spoliator "overcome the rebuttable presumption" that "but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation").

spoliation of evidence. Sufficient remedies exist for spoliation of evidence; South Dakota adequately addresses discovery abuses through sanctions. South Dakota courts look at factors similar to the ones for intentional spoliation of evidence when imposing sanctions for discovery, including whether the party's "failure to cooperate in discovery was attributable to willfulness, bad faith, or the fault of the client." *Dudley v. Huizenga,* 667 N.W.2d 644, 649 (S.D. 2003). Further, a trial judge has inherent power and broad latitude in penalizing a party who has failed to comply with discovery orders. *Haberer v. Radio Shack,* 555 N.W.2d 606, 610 (S.D. 1996). This court agrees with the Iowa Supreme Court's summary of the dangers that arise from allowing spoliation of evidence as a separate tort action:

> First, it creates a generation of endless litigation and is inconsistent with the policy favoring final judgment. Second, it would be very difficult to define the limits of a duty imposed on a stranger to the litigation to preserve evidence. Third, the speculative nature of the theory contains inherent problems.

*Meyn,* 594 N.W.2d at 34 (internal citations omitted). Because this court predicts that the South Dakota Supreme Court would follow the majority rule, even viewing O'Neal's facts alleged in the complaint as true, O'Neal has failed to state a claim upon which relief can be granted because spoliation is not a separate cause of action.

## CONCLUSION

Because an intentional spoliation of evidence tort would not be recognized in South Dakota, O'Neal has failed to state a claim upon which relief can be granted. Accordingly, it is

ORDERED that defendants' motion to dismiss (Docket 14) is granted.

Dated September 4, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE