UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROL O'NEAL, as Personal Representative of the Estate of Lanny O'Neal, Deceased, | ) ) ) ) | CIV. 11-4182-KES |
| Plaintiff, | ) ) | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY |
| vs. | ) ) | JUDGMENT |
| REMINGTON ARMS COMPANY, LLC, SPORTING GOODS PROPERTIES, INC., and E.I. DUPONT DE NEMOURS AND COMPANY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Carol O'Neal, as personal representative of the estate of Lanny O'Neal, deceased, brought an action against defendants, Remington Arms Company, LLC, Sporting Goods Properties, Inc., and E.I. Dupont De Nemours and Company, alleging strict liability (product defect), strict liability (failure to warn), negligent design and manufacture, negligent failure to warn, and spoliation of evidence. Plaintiff's spoliation of evidence claim was dismissed following a motion by defendants. Defendants now move for summary judgment on plaintiff's remaining claims. Plaintiff opposes the motion. For the following reasons, defendants' motion for summary judgment is denied.

## BACKGROUND

The facts, viewed in the light most favorable to the nonmoving party, are:

Plaintiff is the widow of Lanny O'Neal and is a resident of Brandon, South Dakota. Defendants are business entities registered in the state of Delaware and are in the business of selling firearms, one of which was the Remington Model 700, .243 caliber bolt action rifle that is at the center of this litigation.

On November 9, 2008, Lanny O'Neal was deer hunting with friends near Eagle Butte, South Dakota. Lanny had loaned Mark Ritter, one of the hunters, a Remington Model 700 rifle to use hunting that day. The hunters were traveling in a pickup truck when they came across a deer. At the time, Ritter was sitting in the back seat of the truck and Lanny sat in the front seat. After the truck was stopped, Ritter began exiting the truck so that he could shoot the deer. While Ritter was exiting, the rifle discharged, and Lanny was shot and killed. Plaintiff alleges that the rifle was defective and that the defect was the reason the rifle discharged, causing the death of her husband.

The rifle was manufactured in 1971. Doug Swanson, Lanny's step-father, acquired the rifle in the early-to-mid 1980s from the estate of his mother's boyfriend, Albert Mcilvenna. Swanson does not know when or how Mcilvenna acquired the rifle. Swanson would occasionally loan the rifle to Shawn O'Neal, Lanny's brother. Nether Swanson nor Shawn O'Neal adjusted

2

or modified the rifle during the times that they possessed it. Neither individual had a gunsmith inspect the rifle or work on it. In approximately 2005 or 2006, Lanny acquired the rifle and possessed it until the day he lent it to Ritter.

Following Lanny's death, Shawn O'Neal contacted the law firm of Robins, Kaplan, Miller & Ciresi, LLP (Robins Kaplan), in Minneapolis, Minnesota. In December 2008, Shawn and plaintiff met with attorney Chris Messerly of Robins Kaplan to discuss the circumstances of Lanny's death. After this meeting, Robins Kaplan acquired the rifle from the FBI on April 17, 2009, and later advised plaintiff that the firm had the rifle inspected. On March 26, 2010, plaintiff and her friend, Joe Weir, retrieved the rifle from Robins Kaplan after it was determined that no legal action would be taken by Robins Kaplan on behalf of plaintiff. Plaintiff then asked Weir to destroy the rifle because she did not want the rifle that killed her husband to be in her house. Weir complied with plaintiff's request and destroyed the rifle.

Plaintiff brought this product liability action against defendants on December 9, 2011. Defendants move for summary judgment on all of plaintiff's claims.

### STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact.") (internal quotations omitted). The moving party must inform the court of the basis for its motion and also identify the portion of the record that shows that there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). Once the moving party has met its initial burden, the "nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

The court applies the standard and burden associated with the applicable substantive law to determine whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). South Dakota substantive law applies in this diversity action. *Hammonds v. Hartford Fire Ins. Co.*, 501 F.3d 991, 996 n.6 (8th Cir. 2007).

## DISCUSSION

Defendants' motion for summary judgment argues two separate theories: (1) without the rifle, plaintiff is unable to establish a prima facie case; and (2) destruction of the rifle bars recovery.[1]

## I.    **Prima Facie Case**

Defendants argue that plaintiff cannot make a prima facie showing of strict liability without presenting the rifle as evidence. To establish strict liability based on either defective design or failure to warn, plaintiff must prove: (1) the rifle was in a defective condition that made it unreasonably dangerous; (2) the defect existed at the time it left the control of defendants; (3) at the time of the accident, there had not been a substantial unforeseeable change in the condition the rifle was in when it left the control of defendants; and (4) the defective condition of the rifle was a legal cause of the injuries. *Burley v. Kytec Innovative Sports Equip., Inc.*, 737 N.W.2d 397, 408-09 (S.D. 2007); *Peterson v. Safway Steel Scaffolds*, 400 N.W.2d 909, 912 (S.D. 1987); *Crandell v. Larkin & Jones Appliance Co.*, 334 N.W.2d 31, 34 (S.D. 1983); S.D. Civ. Pattern Jury Instructions 20-120-10 & 10-120-40 (2010). Defendants

---

[1] In their brief, defendants argued that if plaintiff's strict liability claims fail, her negligence claims necessarily fail. Docket 26 at 17. Defendants offered no additional arguments specific to plaintiff's negligence claims. Because the court concludes that plaintiff's strict liability claims do not fail for purposes of defendants' summary judgment motion, the court does not separately address plaintiff's negligence claims.

specifically argue that without the rifle plaintiff cannot show (a) that the rifle was in the same condition at the time of the accident as it was when it left defendants' control, or (b) that any defective condition in the rifle was a legal cause of the accident.

The South Dakota Supreme Court has held that circumstantial evidence can be the exclusive method of proving the elements of a strict liability claim. "No specific defect need be shown if the evidence, direct or circumstantial, permits the inference that the accident was caused by a defect." *Crandell*, 334 N.W.2d at 34. Here, plaintiff provided an affidavit from Swanson, the rifle's owner from the early-to-mid 1980s until it was destroyed in 2010, that indicates that "to the best of [his] knowledge the [rifle] has never had the trigger adjustment screws adjusted[.]" Docket 32-19 at ¶ 10. Plaintiff also provided an affidavit from Shawn O'Neal that indicates he never had the trigger adjustment screws adjusted between 1984 and 1988, a time period in which he used the rifle. Docket 32-20. Therefore, plaintiff has introduced some evidence that the rifle was in the same condition at the time of the accident as it was when it left defendants' control.

With regard to defendants' claim that plaintiff cannot show legal causation, "[c]ausation may be established by circumstantial evidence where that evidence establishes by a preponderance, the probability that the accident was caused by a defect." *Crandell*, 334 N.W.2d at 34. Plaintiff need not

"eliminate all other possible explanations of causation." *Id.* "It is sufficient that plaintiff negate his own and others' misuse of the product." *Id.* In addition to the evidence discussed above, plaintiff intends to present expert testimony at trial that will show the design of the rifle was defective.[2] Thus, plaintiff has introduced evidence that allows for an inference that a defect in the rifle was the legal cause of the accident.

To summarize, the court is required to draw all factual inferences in plaintiff's favor for purposes of this summary judgment motion. Plaintiff has introduced specific facts, i.e., testimony from the rifle's owner of nearly thirty years and testimony from another possessor that indicate no alterations or modifications were ever done to the rifle, that demonstrate the rifle was in the same condition at the time of the accident as it was when it left defendants' possession. Assuming the rifle was in the same condition, which is an assumption consistent with summary judgment standards, plaintiff has also introduced specific facts, i.e., expert testimony that the design of the rifle is defective, that demonstrate the rifle was the legal cause of the accident. Plaintiff's heavy reliance on circumstantial evidence may be vulnerable at trial,

---

[2] It is also worth noting that discovery has not concluded. Pursuant to the scheduling order, the discovery deadline does not occur until three months from now. Docket 24. New facts may come to light in the next three months, including plaintiff may find additional evidence that suggests that the rifle was never adjusted or altered by talking with people who were familiar with the weapon prior to 1980.

but the court will not evaluate the weight of that evidence at this stage of the litigation. *See Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003) ("In ruling on a motion for summary judgment a court must not weigh evidence or make credibility determinations.").

## II.   Destruction of Evidence

Defendants also argue that plaintiff's claims are barred because she intentionally destroyed the rifle. "[T]o warrant dismissal as a sanction for spoliation of evidence 'there must be a finding of intentional destruction indicating a desire to suppress the truth.' " *Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006) (quoting *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004)); *see also State v. Engesser*, 661 N.W.2d 739, 755 (S.D. 2003) (requiring a finding that a party intentionally destroyed the evidence and did so in bad faith before an adverse inference instruction may be given).[3] Here, the parties agree that plaintiff intentionally destroyed the rifle. The issue then is whether she did so with a desire to suppress the truth.

Plaintiff asserts that she destroyed the rifle because it reminded her of the death of her husband, and she did not want that reminder in her house. Defendants have not provided any direct evidence to show that plaintiff

---

[3] The court need not decide whether federal or state law governs defendants' spoliation of evidence argument because the result is the same under both. *Menz*, 440 F.3d at 1006.

8

destroyed the rifle with a desire to suppress the truth. The evidence that defendants have presented requires additional inferences to get to the conclusion that plaintiff desired to suppress the truth. But such inferences are required to be made in plaintiff's favor, not defendants', for purposes of this summary judgment motion. Thus, there exists a genuine issue as to whether plaintiff destroyed the rifle with a desire to suppress the truth.

Defendants further argue that plaintiff's claims should be dismissed regardless of whether plaintiff destroyed the rifle with a desire to suppress the truth because the destruction is extremely prejudicial to their ability to defend themselves. When confronted with this type of argument, courts have relied on their inherent power to sanction litigants "for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "[D]ismissal may be ordered as a sanction upon a finding of bad faith, willfulness, or fault." *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 266 (8th Cir. 1993). Defendants cite an assortment of cases to support their "extreme prejudice" argument. None of these cases, however, are binding on this court. Additionally, determining whether to sanction a litigant for conduct that abuses the judicial process is fact driven and is a "question peculiarly committed to the district court." *Id.* at 268.

After a careful review of the facts, the court concludes that the judicial process has not been abused such that a sanction of dismissal is appropriate

9

at this stage of the litigation. First, plaintiff stated that she had no intention of bringing a lawsuit against defendants at the time she destroyed the rifle. If this is true, it is hard to say that an act outside of any litigation process abused the judicial process. Defendants have not provided any direct evidence that plaintiff was anticipating bringing a suit against them at the time she destroyed the rifle. Second, discovery has not concluded and additional facts may come to light as discovery proceeds. Third, there is still a question of whether the Robins Kaplan law firm had the rifle analyzed. Thus, the court declines to dismiss plaintiff's claims under its inherent authority. After all, plaintiff bears the burden of proof if her case goes to trial. "Thus, in a case such as this, where [plaintiff is] pursuing a products liability action without the product, the prejudice they have suffered due to the loss of the product may equal or exceed that suffered by the [defendants]." *Menz*, 440 F.3d at 1006.

## CONCLUSION

Plaintiff's destruction of the rifle does not automatically prevent her from establishing her prima facie case. At this stage in the litigation, plaintiff has presented sufficient evidence to prove her prima facie case through circumstantial and direct evidence that prevents the court from dismissing plaintiff's claims. Additionally, the court concludes that dismissing plaintiff's

claims as a sanction for destroying the rifle is inappropriate at this time.

Accordingly, it is

ORDERED that defendants' motion for summary judgment (Docket 25) is denied.

Dated December 19, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

11