UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CAROL O'NEAL, as Personal Representative of the Estate of Lanny O'Neal, Deceased, | ) ) ) | CIV. 11-4182-KES |
| | ) | |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION FOR |
| vs. | ) | RECONSIDERATION |
| | ) | |
| REMINGTON ARMS COMPANY, LLC, SPORTING GOODS PROPERTIES, INC., and E.I. DUPONT DE NEMOURS AND COMPANY, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Carol O'Neal, as personal representative of the estate of Lanny

O'Neal, deceased, brought an action against defendants, Remington Arms Company,

LLC, Sporting Goods Properties, Inc., and E.I. Dupont De Nemours and Company,

alleging strict liability (product defect), strict liability (failure to warn), negligent

design and manufacture, negligent failure to warn, and spoliation of evidence.

O'Neal's spoliation of evidence claim was dismissed following a motion by

defendants because it was not an independent cause of action. The court then

granted summary judgment in favor of defendants on the remaining claims because

O'Neal failed to set forth sufficient probative evidence to establish her claims.

Accordingly, judgment was entered in favor of defendants. O'Neal now asks the

court to reconsider its order granting summary judgment, and defendants oppose O'Neal's motion for reconsideration. For the following reasons, O'Neal's motion is denied.

## BACKGROUND

The facts were fully set out in this court's March 13, 2014, order. Docket 81. For purposes of this motion, the court briefly summarizes those facts as follows:

Carol O'Neal is the widow of Lanny O'Neal. Defendants are in the business of selling firearms, one of which was the Remington Model 700, .243 caliber bolt action rifle that is at issue in this litigation.

On November 9, 2008, Lanny O'Neal was deer hunting with friends near Eagle Butte, South Dakota. Lanny loaned Mark Ritter, one of the hunters, a Remington Model 700 rifle to use hunting that day. While Ritter was exiting a pickup, the rifle discharged when Ritter moved the safety from the "on" position to the "off" position, and Lanny was shot and killed. O'Neal alleges that the rifle was defective and that the defect was the reason the rifle discharged, causing the death of her husband.

The rifle was manufactured in 1971. Doug Swanson, Lanny's stepfather, acquired the rifle in the early-to-mid 1980s from the estate of his mother's boyfriend, Albert Mcilvenna. Swanson does not know when or how Mcilvenna acquired the rifle nor does he know whether the rifle was ever modified or altered prior to his

acquisition of the rifle. Swanson himself never modified or altered the rifle or ever took the rifle to a gunsmith.

Swanson loaned the rifle to Lanny in approximately 2005 or 2006. Lanny remained in possession of the rifle until the day of the accident.

In December 2008, Shawn O'Neal and plaintiff, Carol O'Neal, met with an attorney to discuss the circumstances of Lanny's death. After this meeting, the law firm acquired the rifle from the FBI but never had the rifle inspected.

On March 26, 2010, plaintiff and her friend, Joe Weir, retrieved the rifle from the law firm. O'Neal then asked Weir to destroy the rifle. Weir complied with O'Neal's request and destroyed the rifle.

## DISCUSSION

O'Neal is not clear under which Federal Rule of Civil Procedure she is making her motion, and she suggests her motion falls under either Rule 59(e) or 60(b). The Eighth Circuit Court of Appeals has noted the similarities in Rule 59(e) and Rule 60(b) motions, stating, "Rule 59(e) and Rule 60(b)(2) are analyzed identically." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006). One noticeable difference is the time period in which a party may bring a motion. Rule 59(e) motions must be filed no later than 28 days after entry of judgment, and Rule 60(b) motions must be made within a reasonable time. O'Neal filed her motion 28

3

days after entry of judgment. Thus, the court will analyze her motion under Rule 59(e) and notes that the result would be the same under a Rule 60(b) analysis.

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following the entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 (internal quotations omitted). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *Id.*

In her motion, O'Neal asserts that the court "may have overlooked pieces of circumstantial evidence" and that the "purpose of [her] [m]otion is to clarify circumstantial evidence [she] presented and the permissible inferences that can be drawn from such evidence[.]"[1] Docket 84 at 2. The "circumstantial evidence" that O'Neal directs the court to is deposition testimony of Charles Powell, Doug Swanson, and O'Neal herself. The court thoroughly reviewed this deposition testimony as well as all the other evidence in the record before issuing its March 13, 2014, order granting summary judgment in favor of defendants. And after another

---

[1] O'Neal does not present any new evidence, stating that her motion "is strictly based on the facts that are already in the record." Docket 84 at 2.

4

review, the result remains the same: based on the evidence that O'Neal has brought forth, she cannot, without the assistance of speculation, guesswork, and conjecture, establish that a defect existed at the time the rifle left defendants' control or that there had not been a substantial unforeseeable change to the rifle.

Because it was manufactured in 1971, the rifle was approximately 37 years old at the time of the accident. Swanson acquired the rifle "in the early '80s[, m]aybe 1985 or earlier" from his mother's boyfriend, Albert Mcilvenna. Docket 63-3 at 3. And while Swanson never altered or adjusted the rifle or had anyone alter or adjust the rifle, he testified that he does not "know one way or another" whether any prior owners, including Mcilvenna, altered or adjusted the rifle. Docket 48-2 at 9. Moreover, there is no evidence that the rifle was ever inspected by a gunsmith or other specialist to show that no alterations or adjustments were made prior to the accident. Powell, O'Neal's own expert, summed up O'Neal's inability to establish her claims, albeit unknowingly, when he stated, "You would have to see the rifle to know how it had been adjusted, if at all." Docket 48-7 at 12. Unfortunately, O'Neal had the rifle destroyed and therefore no inspection can be made. Therefore, a jury would only be left to speculate and guess as to whether any alterations or adjustments were ever made to the rifle prior to the accident.

O'Neal has the burden to prove that there was not a substantial unforeseeable change to the rifle. After yet another review of the evidence she put forth, O'Neal

cannot establish her claims without the assistance of speculation, guesswork, and conjecture. "To survive a motion for summary judgment, the nonmoving party must substantiate [her] allegations with sufficient probative evidence that would permit a finding in [her] favor based on more than mere speculation, conjecture, or fantasy." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011). Thus, the court's order granting summary judgment in favor of defendants remains unchanged. Accordingly, it is

ORDERED that plaintiff's motion for reconsideration (Docket 84) is denied.

Dated July 10, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE